In re Anonymous No. 89 D.B. 91 and 1 D.B. 92

Disciplinary Board Docket no. 89 D.B. 91 and 1 D.B. 92.

ECKELL, *Chairman,* August 31, 1993—Pursuant to order of court of July 15, 1992, the Disciplinary Board of the Supreme Court of Pennsylvania ("board") herewith submits its report and recommendations to your honorable court with respect to the above-captioned matter.

## I. HISTORY OF PROCEEDINGS

On May 13, 1992, the board filed a petition of the Disciplinary Board of the State Supreme Court pursuant to Pennsylvania Rule of Disciplinary Enforcement (Pa.R.D.E.) 301(d) requesting this honorable court to enter an order directing such action as it deemed necessary and proper to determine whether respondent, [ ], Esquire, was incapacitated by reason of mental infirmity or illness, including the examination of respondent by such qualified medical experts as the court

designated. The petition was based upon information and belief that respondent was suffering from mental illness or physical infirmity rendering him incapable from continuing to practice law and raising question as to whether he lacked the capacity to aid effectively in the preparation of his defense, in particular, in two formal disciplinary proceedings at 89 D.B. 91 and 1 D.B. 92. Attached to the petition was an affidavit executed by [A], an investigator with the Office of Disciplinary Counsel, stating that respondent had advised [A] that respondent was then in ill health and under doctor's care and the cause of his physical and behavioral problems that he was experiencing had not yet been diagnosed and the problems were affecting his judgment. In addition to the affidavit, Disciplinary Counsel had attempted to contact respondent by letter to discuss respondent's physical condition and the alternatives available to him; however, respondent did not respond or in any way communicate with Disciplinary Counsel.

Respondent filed no response to the petition, although he was personally served with the petition on May 20, 1992.

Pursuant to a request made by petitioner, Office of Disciplinary Counsel, by order dated May 13, 1992, all proceedings with regard to respondent were stayed by the board pending the decision by this honorable court on the board's petition.

By order of court dated July 15, 1992, this honorable court directed that:

1. The board appoint a qualified medical expert(s) to determine whether respondent was incapacitated from continuing the practice of law by reason of mental infirmity or illness;

2. Respondent submit himself to the appointed medical expert(s) at the times and places designated by the

experts or the board for an examination(s) to provide a basis for determining respondent's capacity to practice law; and,

3. The board shall prepare a report and recommendation to the court following the examination.

By order of the board dated September 15, 1992, the board appointed [B], M.D. to conduct a comprehensive examination of respondent to determine whether he was incapacitated from continuing the practice of law by reason of physical infirmity or illness and [C], M.D., was appointed to conduct a comprehensive examination of respondent to determine whether he was incapacitated from continuing the practice of law by reason of mental infirmity or illness. In addition, respondent was directed to make himself available for examination by Dr. [B] on September 28, 1992, and for examination by Dr. [C] on October 6, 1992.

On September 24, 1992, respondent was personally served with both the order of this honorable court of July 15, 1992 and the order of the board of September 15, 1992.

Respondent failed to show for either appointment with Dr. [B] or Dr. [C].

By order and rule to show cause dated October 21, 1992, Mr. Gilardi issued a rule upon respondent to show cause why he should not be suspended from the Bar of the Commonwealth of Pennsylvania pursuant to Pa.R.D.E. 208(f)(5). That rule was returnable within thirty days of the date of service of the order.

Respondent was personally served with the order and rule to show cause on October 23, 1992. Respondent filed no response to the order and rule.

## II. DISCUSSION

Pa.R.D.E. 208(f)(5) provides that the board on its own motion may issue a rule to show cause why a respon-

dent-attorney should not be placed on temporary suspension whenever it appears that the respondent-attorney has disregarded an applicable provision of the enforcement rules, or engaged in other conduct that in any instance materially delays or obstructs the conduct of a proceeding under these rules. In this particular case, respondent has been afforded a substantial period of time, since May 13, 1992, to provide the board or this honorable court with information regarding the illness that he described to [A]. Not only has respondent failed to state his position to the board or this honorable court at any point in these proceedings, but he has also failed to comply with specific orders of both the board and this honorable court directing him to avail himself to the examinations of Dr. [B] and Dr. [C]. His failure to cooperate or respond in any way has caused material delays in the two formal proceedings and has also obstructed the conduct of the disability proceedings. Pursuant to the authority granted to the board under Pa.R.D.E. 208(f)(5), the chairman of the board issued a rule to show cause which was returnable within thirty days; however, respondent failed to respond to that rule.

The board is concerned with respondent's complete disregard of these proceedings and the contempt he has shown for this honorable court. While, on one hand, respondent has raised mental and physical difficulties as an issue with a member of the staff of the Office of Disciplinary Counsel, he has not availed himself of any opportunity to raise the issue formally and submit to examinations necessary for this honorable court to make a proper determination regarding his ability to effectively defend himself from present charges. It is unknown whether respondent is truly in ill-health or only attempting to avoid the disciplinary proceedings. Under the current status of these proceedings, although respondent is presently on inactive status for non-payment of his 1992-1993 attorney's annual fee, he can at any time resume active

status and return to the practice of law without restriction. Given respondent's contempt for the board and this honorable court, concern must be shown for the public and the profession. It is only through the temporary suspension, as provided in Pa.R.D.E. 208(f)(5), that the public may be protected.

## III. RECOMMENDATION

The Disciplinary Board of the State Supreme Court respectfully recommends that respondent, [    ], be placed on temporary suspension pursuant to Pa.R.D.E. 208(f)(5).

## ORDER

And now, this 3rd day of February, 1994, a rule having been issued upon respondent on November 16, 1993, to show cause why he should not be placed on temporary suspension pursuant to Rule 208(f), Pa.R.D.E., and no response thereto having been filed, it is hereby ordered that the rule is made absolute: respondent is placed on temporary suspension pursuant to Rule 208(b), Pa.R.D.E.; and he shall comply with the provisions of Rule 217, Pa.R.D.E.